**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. MC 12-0092-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Jeffrey G. Sharp, | |
| Respondent. | |

Pending before the Court is Petitioner's request that the Court enter an order setting a hearing for Respondent Jeffrey G. Sharp ("Mr. Sharp") to show cause, if any, why he should not comply with and obey the Internal Revenue Service ("IRS") Summons issued to him (Doc. 3).

On April 11, 2012, Jennifer Pardue, an IRS revenue officer issued an IRS Summons to Mr. Sharp to testify and to produce for examination books, records, papers, and other data as described in the Summons. On April 12, 2012, the Summons was served at Mr. Sharp's last and usual place of abode. The Summons directed Mr. Sharp to appear before an officer of the IRS on April 27, 2012. On April 27th, Mr. Sharp did not appear and comply with the Summons and his refusal to comply with the Summons continues to the present. The testimony and information sought by the Summons are not already in the possession of the IRS. The IRS contends that it is necessary to obtain the testimony and to examine the information sought by the Summons to collect Mr. Sharp's federal tax liabilities for the tax periods at issue.

District courts have jurisdiction to order compliance with a summons. 26 U.S.C. §§ 7402(b), 7604(a); *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992). Because an IRS summons is not self-enforcing, the United States achieves compliance with a summons by seeking judicial enforcement of the summons and by requesting a showcause hearing. *See, e.g., Reisman v. Caplin*, 375 U.S. 440, 445-46 (1964); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993). "Summons enforcement proceedings should be summary in nature and discovery should be limited." *United States v. Stuart*, 489 U.S. 353, 369 (1989) (citation, quote marks, and brackets omitted); *see also Derr*, 968 F.2d at 945 ("Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses.").

To obtain enforcement of an IRS summons, the United States must show that (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). Typically, the United States makes this showing by submitting affidavits stating that the summons was issued in compliance with the four *Powell* factors. *Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir. 1985). To establish judicial enforcement, the United States' "showing need only be minimal," and "[a]ssertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case." *Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985); *see also United States v. Dynavac, I*nc., 6 F.3d 1407, 1414 (9th Cir. 1993) ("The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met.").

Once the United States has established the *Powell* requirements, "those opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the [IRS]. . . . Without doubt, this burden is a heavy one." *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978); *see also*

*Lidas, Inc. v. United States*, 238 F.3d 1076, 1082 (9th Cir. 2001) ("[T]he taxpayer bears a heavy burden to rebut the presumption of good faith. . .") (citation and quote marks omitted); *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc) (taxpayer's burden in opposing enforcement of IRS summons requires production of specific facts and evidence).

Petitioner has submitted the Declaration of Revenue Officer Jennifer Pardue. (Doc. 1-1). The Court finds the declaration satisfies the *Powell* requirements and demonstrates that the United States is entitled to enforcement of the Summons.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Respondent Jeffrey G. Sharp appear before the United States District Court for the District of Arizona in that branch thereof presided over by the Honorable James A. Teilborg, the undersigned, in the Sandra Day O'Connor United States Courthouse, located at 401 West Washington Street, Phoenix, Arizona 85003, 5th Floor, Courtroom No. 503, on Wednesday, September 25, 2013, at 11:30 a.m., to show cause why Mr. Sharp should not be compelled to comply with the Internal Revenue Service Summons served on him by Revenue Officer Jennifer Pardue as set forth in the petition.

**IT IS FURTHER ORDERED** that a copy of this order, together with one copy each of the Petition to Enforce Internal Revenue Service Summons (Doc. 1), the Declaration of Revenue Officer Jennifer Pardue (Doc. 1-1), the Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction (Doc. 2), and the Motion for Order to Show Cause (Doc. 3), shall be personally served on Mr. Sharp by an official of the Internal Revenue Service within fourteen (14) days of the date of this Order. Alternatively, the documents may be served on Mr. Sharp's attorney within fourteen (14) days of the date of this Order if his attorney agrees to accept service on Mr. Sharp's behalf.

//

//

1  **IT IS FINALLY ORDERED** that within fourteen (14) days of service of copies of this Order and the foregoing pleadings, Mr. Sharp shall file with the Clerk of the Court and serve on the United States Attorney a written response to the petition. Any defenses to the petition or motion Mr. Sharp desires to make in opposition to the petition shall be made in this written response and shall be supported by appropriate affidavits. Within seven (7) days of service of any written response filed by Mr. Sharp, the United States may file an optional reply. Only those issues raised by motion or brought into controversy by Mr. Sharp's responsive pleading shall be considered by the Court, and any uncontested allegations in the petition shall be deemed admitted.

Dated this 7th day of August, 2013.

_____
James A. Teilborg
Senior United States District Judge