**WO**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Petitioner,<br><br>  v.<br><br>Jeffrey G. Sharp,<br><br>  Respondent. | No. MC 12-0092-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Motion to Enforce Internal Revenue Service ("IRS") Summons (Doc. 1) and Petitioner's Motion to Vacate the Show-Cause Hearing and for Extension of Time to Serve Respondent (Doc. 8).

On April 11, 2012, the IRS served Respondent Jeffrey Sharp with an IRS Summons at Mr. Sharp's last and usual place of abode. The Summons directed Mr. Sharp to appear before an officer of the IRS on April 27, 2012. Mr. Sharp did not appear at the specified time and continues to refuse to comply with the Summons.

In the motion to enforce IRS Summons, the Petitioner asks the Court to enforce the Summons issued to Mr. Sharp and require compliance with the terms of the Summons. (Doc. 1 at 3).

On September 7, 2012, the IRS filed a petition to enforce the Summons on Mr. Sharp (Doc. 1) and a motion to set a hearing for Respondent to show cause, if any, why he should not comply with and obey the IRS Summons issued to him (Doc. 3).

On August, 8, 2013, the Court granted Petitioner's motion to set a hearing for Respondent to show cause. (Doc. 6). The Court set a show-cause hearing for September 25, 2013. (*Id*.). The Court also ordered the Petitioner to serve Mr. Sharp with the order within 14 days of the order. (*Id*.).

Petitioner has been unable to serve or locate Mr. Sharp. Accordingly, Petitioner requests that the Court vacate the scheduled show-cause hearing, schedule a new show-cause hearing for early January 2014, and grant Petitioner additional time to locate and serve Mr. Sharp (Doc. 8).

District courts have jurisdiction to order compliance with a summons. 26 U.S.C. §§ 7402(b), 7604(a); *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992). Because an IRS summons is not self-enforcing, the United States achieves compliance with a summons by seeking judicial enforcement of the summons. *See, e.g., Reisman v. Caplin*, 375 U.S. 440, 445-46 (1964); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993). "Summons enforcement proceedings should be summary in nature and discovery should be limited." *United States v. Stuart*, 489 U.S. 353, 369 (1989) (citation, quote marks, and brackets omitted); *see also Derr*, 968 F.2d at 945 ("Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses.").

To obtain enforcement of an IRS summons, the United States must show that (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). Typically, the United States makes this showing by submitting affidavits stating that the summons was issued in compliance with the four *Powell* factors. *Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir. 1985). To establish judicial enforcement, the United States' "showing need only be minimal," and "[a]ssertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case." *Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir.

1985); *see also United States v. Dynavac*, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993) ("The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met."). In this case, the Court finds the United States has met its burden under *Powell*.

Once the United States has established the *Powell* requirements, "those opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the [IRS]. . . . Without doubt, this burden is a heavy one." *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978); *see also Lidas, Inc. v. United States*, 238 F.3d 1076, 1082 (9th Cir. 2001) ("[T]he taxpayer bears a heavy burden to rebut the presumption of good faith. . .") (citation and quote marks omitted); *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc) (taxpayer's burden in opposing enforcement of IRS summons requires production of specific facts and evidence). In this case, Respondent has made no attempt to oppose enforcement of the Summons.

Therefore, based on the foregoing,

**IT IS ORDERED** that the United States' Motion to Enforce IRS Summons (Doc. 1) is granted. Respondent shall comply with the terms of the Summons.

**IT IS FURTHER ORDERED** that the United States' Motion to Vacate the Show-Cause Hearing and for Extension of Time to Serve Respondent (Doc. 8) is denied without prejudice. Specifically, the show-cause hearing scheduled for September 25, 2013 shall be vacated.

Dated this 9th day of September, 2013.

James A. Teilborg
Senior United States District Judge